United States District Court
Southern District of Texas
**ENTERED**
April 15, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-10-0564 |
| | § | |
| CHRIS MONTELONGO | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Chris Montelongo, a federal prisoner, filed a *pro se* motion for a sentence reduction under the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A)(i). (Docket Entry No. 107.)

Having considered the motion, the record, and the applicable law, the Court **DENIES** the motion for the reasons that follow.

## I.  BACKGROUND

Defendant pleaded guilty in September 2010 to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and possession of a firearm in relation to a drug trafficking offense.  The Court sentenced him in November 2011 to a 260-month term of incarceration, which was later reduced in April 2015 to a 248-month term of incarceration pursuant to retroactive sentencing guideline amendments.

Defendant contends in the motion that, having served seventeen years[1] of an "unconstitutionally harsh" sentence, he is entitled to a sentence reduction.

---

[1]Defendant has served fourteen years of his sentence, not seventeen.

## II.  ANALYSIS

A.  <u>Legal Standards</u>

The Court has the authority under the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A)(i) to reduce a defendant's sentence of confinement if (i) extraordinary and compelling reasons warrant the reduction, (ii) such reduction fulfills the sentencing factors set forth in 18 U.S.C. § 3553(a), (iii) the reduction is consistent with the United States Sentencing Commission's applicable policy statements, and (iv) the defendant exhausted his claims through prison administrative remedies prior to filing his motion.

Under the amended provisions of United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13(b), district courts may consider the following extraordinary and compelling circumstances in their analysis: (1) a defendant's medical circumstances; (2) his advanced age; (3) his family circumstances; (4) whether he was a victim of abuse while in custody; (5) other reasons similar in gravity to those previously described; and (6) an unusually long sentence meeting certain requirements.  *Id.* § 1B1.13(b)(1)–(6).

Even if a defendant shows extraordinary and compelling reasons for granting relief, other hurdles remain.  For example, the court must find that "the defendant is not a danger to the safety of any other person or to the community," as provided in 18 U.S.C. § 3142(g).  U.S.S.G. § 1B1.13(a)(2).  The court must further consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent applicable.

B.    Unusually Long Sentence

Defendant claims entitlement to relief because his sentence was "unconstitutionally harsh." The Court liberally construes defendant's argument as seeking relief under the "unusually long sentence" provisions of U.S.S.G. § 1B1.13(b)(6).

Under § 1B1.13(b)(6),

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Thus, defendant must establish that he has served at least ten years of an unusually long sentence and that a change in law has produced a gross disparity between the sentence being served and the sentence likely to be imposed as of the time he filed his motion. Moreover the United States Court of Appeals for the Fifth Circuit has held that the change in law must carry retroactive application. *See United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025) (holding that a non-retroactive change in the law is not an extraordinary or compelling reason to reduce a prisoner's sentence).

The Court assumes, without finding, that defendant's sentence is an unusually long sentence, and finds that defendant has served at least ten years of the sentence. However, defendant has not established that a retroactive change in law has produced a gross disparity

between his current sentence and the sentence likely to be imposed at this time. To the contrary, defendant argues as follows:

> November 1, 2024 and November 1, 2025, Congress made a number of amendments to the sentencing guidelines. Enabling the Court to reduce [defendant's] sentence. Such as amendments to 924(c), acquitted conduct and so forth. U.S.S.G. § 1B1.13(5)(6) [*sic*].

> [Defendant] was sentenced May 11, 2011[2] to a 21 year, 9 month sentence that today the Court would not be bound to impose. Due to the many changes to the law. Including above stated, as well as First Step Act of 2018, and many Supreme Court cases, such as *Davis*, *Borden*, *Erlinger*, & so forth. Now in the near future Second Step Act of 2026. Which amended [defendant's] 21 U.S.C. § 841(a)(1) [,] (b)(1)(A) conviction.

(Docket Entry No. 107, pp. 2–3.)

Defendant's conclusory assertions, incomplete references to statutes and case law, and lack of factual allegations supporting application of any particular law to his sentence, do not meet his burden of proof under § 1B1.13(b)(6). Defendant has not established that a retroactive change in law has produced a gross disparity between his sentence being served and the sentence likely to be imposed as of the time he filed his motion.

No extraordinary and compelling reasons for a sentence reduction are shown, and relief is not warranted.

---

[2]Defendant was sentenced on November 3, 2011.

4

C.    Sentencing Factors

Even assuming defendant had established extraordinary and compelling reasons for a sentence reduction, his sentencing factors under 18 U.S.C. § 3553(a) would not support the granting of relief.

Section 3553(a) directs courts to consider such factors as the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; and the need to protect the public, among other considerations.

Defendant pleaded guilty to drug trafficking and to possessing a firearm in relation to the drug trafficking. The record showed that defendant had been released from prison in 2008 and had quickly returned to criminal activities as evinced by his arrest in 2010 in the instant case. *Id.*, p. 11. As emphasized by the Government at sentencing, "This is an individual, who within one meeting with an undercover officer, is already talking about shooting people during this robbery, inflicting serious injury upon them, and he's known this individual for no more than half an hour." *Id.*, p. 9.

The Court was greatly concerned at sentencing by defendant's lengthy criminal history, instances of violence, and repeated failures to avoid criminal behavior, even while incarcerated:

5

> Well, what concerns me actually perhaps even more than the offense that brings us here today, I'm very worried about the instance of violence, some against family members, burglary in Tom Green family, and having possession of a controlled substance in a prison facility. I mean, these things trouble me, I think, more than the instant offense.

(Docket Entry No. 104, p. 6.)  The Court continued:

> You were given five years deferred adjudication, and then you had your probation revoked because you burglarized a building. You possessed a prohibited weapon, a switchblade. Tested positive for cocaine and marijuana. Failed to attend several Alcoholic Anonymous meetings. Failed to complete the New Directions counseling program. And failed to adhere to several other conditions ordered by the Court.
>
> That's just not the record of somebody who understand the wrongness of his ways and wants to rehabilitate himself.
>
> *   *   *
>
> [A]ccording to the confidential informant, [defendant] said that his job was conducting armed robberies on a regular basis as a source of income, that he had a crew of four individuals to commit the home invasion being talked about.

*Id.*, pp. 7–8, 19.  At sentencing, defendant attempted to excuse his criminal actions by blaming the people who "brought" the drug trafficking "opportunity" to him.  The Court was not persuaded:

> I don't care who brought it to you.  It involved, quite ugly violence, right? You were using guns? I mean, you wanted your cut of the cocaine. You were going to *try* not to shoot the undercover agent during the robbery.

*Id.*, p. 21, emphasis added.  Ultimately, however, the Court imposed a sentence sixty-four months below the Government's recommendation, stating on the record that "all legitimate

interests can be served by a slightly lesser sentence" of 260 months. *Id.*, p. 24. The sentence was reduced to 248 months four years later pursuant to retroactive sentencing guideline amendments. Defendant's anticipated date of release is December 22, 2028.

Defendant presents no argument or evidence in his motion of any rehabilitative efforts made during his fourteen years in federal prison, and proffers no plans as to how he would support himself if released from prison. After again weighing the applicable sentencing factors, the Court finds that defendant's sentence remains sufficient, but not greater than necessary, to achieve the goals of sentencing. The Court is of the opinion that further reduction of defendant's sentence would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, or protect the public. 18 U.S.C. § 3553(a).

### III.  CONCLUSION

For the reasons shown above, defendant's motion for a compassionate release/sentence reduction (Docket Entry No. 107) is **DENIED**. Defendant's request for appointment of counsel is **DISMISSED AS MOOT**.

Signed at Houston, Texas, on this the _14th_ day of April, 2026.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE